**BEER HOUSE DISTRIBUTORS, INC., Petitioner/Appellant,**

v.

**Joe HUDDLESTON, Commissioner of Revenue, State of Tennessee, Respondent/Appellee.**

Court of Appeals of Tennessee, Middle Section.

Dec. 30, 1992.

Permission to Appeal Denied by Supreme Court May 24, 1993.

H. Rowan Leathers, III, Manier, Herod, Hollabaugh & Smith, Nashville, for petitioner/appellant.

Charles W. Burson, Atty. Gen. & Reporter, Steven E. Winn, Asst. Atty. Gen., Nashville, for respondent/appellee.

## OPINION

CANTRELL, Judge.

This action involves the confiscation of 190 cases of beer and of a delivery truck belonging to the appellant, a wholesale beer distributor, by the Tennessee Department of Revenue. The chancellor upheld the decision of the commissioner of revenue approving the confiscation. We affirm.

### I.

The appellant, a Tennessee corporation owned by Mary Kinney, operates as a beer wholesaler out of Clarksville, Tennessee. The appellant also has a distributorship in Kentucky. On January 31, 1991, one of the appellant's employees was making deliveries of pre-sold beer to the appellant's Kentucky customers. Due to confusion as to the amount of beer to be delivered to each of the Kentucky customers, not all of the beer was delivered. The employee drove to the appellant's warehouse in Clarksville and parked the truck containing the undelivered beer. Included on the truck were brands of beer which the appellant was not authorized to distribute in Tennessee. Upon being informed that the beer had not been delivered in Kentucky, and knowing that the beer was not supposed to be in Tennessee, Ms. Kinney planned to drive the beer back to Kentucky the next day.

However, on the morning of February 1, 1991, agents of the Tennessee Department of Revenue went to the appellant's warehouse in Clarksville to enforce a jeopardy assessment for delinquent taxes. No representatives of the appellant were present and the warehouse, a tobacco barn, was unlocked. The agents discovered the beer truck, which was locked, and called a locksmith to open the truck bays. Upon inspecting the bays of the truck, the agents discovered the illegal beer. Accordingly, the beer truck and its contents were seized as contraband.

The appellant requested a hearing with the commissioner regarding the confiscated property. The administrative law judge held that the beer and the truck were contraband pursuant to Tenn.Code Ann. § 57–5–409 and subject to seizure and disposal. This decision was affirmed by the chancellor.

### II.

The key issue in this case is whether the confiscated beer was contraband within the meaning of Tenn.Code Ann. § 57–5–409. If the truck and the beer are contraband, then, the appellant would not be entitled to

have them returned, whether or not they were properly confiscated.

Contraband is defined in Tenn.Code Ann. § 57–5–409(b) as:

> Any beer or other beverages described in § 57–5–101 imported into this state, in transit within this state, or in possession of a person or firm within this state not in accordance with any of the requirements of §§ 57–5–104 (except permit requirements on wholesalers in counties or cities in which they do not have an established location or place of business), 57–5–201, 57–5–206, 57–5–207, 57–5–401—57–5–406, 57–5–408 or 57–5–414 and the rules and regulations promulgated under them are declared to be contraband, and it, along with any vehicle in which it is being transported which is not a common carrier, may be seized, either with or without a warrant, by the commissioner or any duly authorized representative....

As discussed in the statute, beer must be shipped in accordance with Tenn.Code Ann. § 57–5–201 which requires in subsection (c):

> No retail dealer of beverages containing not more than five percent (5%) alcohol by weight shall purchase such beverages from anyone other than a wholesaler or a manufacturer located in Tennessee, licensed hereunder. No wholesale distributor of beverages containing not more than five percent (5%) alcohol by weight shall purchase such beverages from anyone other than a manufacturer, importer or other Tennessee wholesaler licensed hereunder.

The appellant asks us to interpret this section as allowing wholesale distributors to purchase beer from a manufacturer, importer, or licensed Tennessee wholesaler. A determination that wholesale distributors are not required to purchase beer from manufacturers or importers who are licensed to sell beer in Tennessee would defeat the legislative intent to closely regulate the beer industry.

An overview of the statutory scheme regulating distribution of beer is necessary to any interpretation of this statute. Under Tenn.Code Ann. § 57–5–102(a) anyone who engages in the manufacture or wholesale distribution of beer is required to first register at the office of the commissioner of revenue. Moreover, every manufacturer or importer of beer must designate sales territories for each of its brands sold in this state, and must name one licensed beer wholesaler in each territory who, within that territory, shall be the exclusive wholesaler for the brand or brands. Tenn.Code Ann. § 57–6–104(f). The wholesaler is further prohibited from distributing the specified brand or brands of beer outside its assigned territory. *Id.*

Tenn.Code Ann. § 57–5–201(c) read in conjunction with these other statutes clearly establishes a legislative intent to insure that manufacturers are licensed before selling beer in this state. To interpret this section as allowing wholesale distributors to purchase beer from unlicensed manufacturers or importers is in direct conflict with the rest of the Act which requires licensing of anyone involved in the distribution of beer—from manufacturer to retailer. We hold that Tenn.Code Ann. § 57–5–201(c) requires wholesale distributors to purchase beer from licensed manufacturers, licensed importers, or licensed wholesalers. Accordingly, any beer purchased from a manufacturer who was not authorized to sell beer to the appellant in Tennessee would constitute contraband under Tenn.Code Ann. § 57–5–409, as well as the vehicle in which it was being transported.

### III.

The appellant further asserts that Tenn. Code Ann. § 57–5–409 does not apply because the beer had been pre-sold to Kentucky customers, making it an interstate shipment. Tenn.Code Ann. § 57–5–407 provides that "[t]he provisions of this part shall not be construed as being applicable to interstate shipments through the state of Tennessee where such shipments are accompanied and supported by proper invoices or bills of lading containing such information as the commissioner may require."

This statute protects beer shipments which are legitimately in interstate commerce. *Stroupe v. Tidwell*, 510 S.W.2d 77, 80 (Tenn.1974), *cert. denied*, 419 U.S. 860, 95 S.Ct. 110, 42 L.Ed.2d 95 (1974). The purpose of the statute is to "prevent the unlawful diversion of the liquor from interstate commerce into the territory of the State of Tennessee." *Id.* at 81.

In this case it is undisputed that the beer was picked up in Kentucky, it was to be sold to Kentucky customers, and it was not brought into Tennessee until there was some confusion concerning the orders. According to the testimony of Ms. Kinney, the beer was not supposed to have ever left the state of Kentucky. Although the court in *Stroupe* did not clarify the meaning of "shipments legitimately in interstate commerce," it is clear to this court that shipments which were never intended to leave one state cannot be identified as shipments in interstate commerce. Accordingly, the shipment of beer was not exempt from the provisions of Tenn.Code Ann. § 57–5–409.

### IV.

Next, the appellant asserts that if the chancellor's interpretation of Tenn. Code Ann. § 57–5–201(c) was correct, as we find that it was, there is no proof in the record that the beer was not purchased from a licensed manufacturer, importer, or wholesaler. We find this argument to be without merit. It was uncontested at trial that the beer was illegally in Tennessee. Ms. Kinney conceded that the distributorship was not authorized to sell the confiscated beer in Tennessee. In fact, Ms. Kinney testified that it was her plan to drive the beer back to Kentucky the next morning because of this. Moreover, Richard Debona, a tax auditor for the department of internal revenue, testified that the appellant was not designated to distribute the beer in Tennessee. Finally, Robert Crouch, tax audit manager over alcohol, beer, and tobacco taxation for the department of internal revenue, testified that based on the inventory report, the appellant possessed beer which it was not authorized to possess in this state. The proof is undisputed that this beer was not properly within the state of Tennessee. Hence, under Tenn.Code Ann. § 57–5–409 the beer, as well as the vehicle carrying the beer, was contraband.

### V.

Since we find that the truck and the beer were contraband under the statute, the appellant is not entitled to their return. In *Stroupe v. Tidwell*, 510 S.W.2d 77, our Supreme Court held that "[w]here the thing seized is contraband, the right to have it returned is not governed by the law of search and seizure, but by the law of contraband." *Id.* at 82. The Court relied on the following language in *Trupiano v. United States*, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948):

It follows that it was error to refuse petitioners' motion to exclude and suppress the property which was improperly seized. But since this property was contraband, they have no right to have it returned to them.

*Id.* 334 U.S. at 710, 68 S.Ct. at 1235.

Based upon these holdings the appellant is not entitled to the return of the beer truck or the beer confiscated by the Tennessee Department of Internal Revenue. Accordingly, the determinations of the chancellor are affirmed. This cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs of this appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.